IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| QUINDARRIUS TARRANCE,<br>AIS # 330066,<br><br>    Petitioner,<br><br>v.<br><br>JOHN CROW, et al.,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 2:22-CV-402-WHA-KFP<br>)             (WO)<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Alabama prisoner Quindarrius Tarrance is before the Court on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his 2022 Autauga County conviction for felony murder and his resulting 25-year sentence. Doc. 1. Tarrance presents claims that: (1) his trial counsel rendered ineffective assistance by not seeking his best interests and by pressuring him into pleading guilty; (2) the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by not providing him with discovery; and (3) the trial court erred in its disposition of the State's motion to remove the death penalty as a sentencing option.[1] Doc. 1 at 5–9.

Respondents filed an Answer arguing that Tarrance has not exhausted his state court remedies for his claims of ineffective assistance of counsel and that, because he may still

---

[1] Tarrance was originally indicted for capital murder. He pleaded guilty to the reduced charge of felony murder.

present these claims in state court, his § 2254 petition should be dismissed without prejudice to allow him to exhaust the claims in state court. Doc. 17 at 5–9.

In light of the arguments and evidentiary materials submitted by Respondents, the Court entered an Order allowing Tarrance to demonstrate why his petition should not be dismissed without prejudice to allow him to exhaust state court remedies. Doc. 18. Tarrance did not respond to that Order.

## II.   DISCUSSION

A prerequisite to filing a § 2254 petition is that the petitioner must exhaust his state court remedies, 28 U.S.C. § 2254(b)(1), giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277–78. To exhaust, "prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

As indicated above, Tarrance's § 2254 petition presents various claims for relief, including claims that his trial counsel rendered ineffective assistance. Tarrance did not file a direct appeal, and he has not filed a petition for postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure, where he may present his claims of ineffective assistance of counsel. In Alabama, a petitioner may allege claims of ineffective assistance

of counsel in a petition under Rule 32 of the Alabama Rules of Criminal Procedure filed within one year of the conclusion of direct appeal proceedings or the date that the conviction becomes final. *See* Ala. R. Crim. P. 32.2(c); *Ex parte Ingram*, 675 So. 2d 863, 866 (Ala. 1996) (the proper method for presenting a claim of ineffective assistance of counsel that cannot reasonably be presented in a motion for a new trial is by filing a Rule 32 petition); *Murray v. State*, 922 So. 2d 961, 965 (Ala. Crim. App. 2005) (same).

Tarrance was sentenced on May 26, 2022. Under Rule 4(a)(1) of the Alabama Rules of Appellate Procedure, the time for taking a direct appeal from a criminal conviction is 42 days from sentencing. *Poole v. State*, 926 So. 2d 375, 379 (Ala. Crim. App. 2005). Forty-two days from May 26, 2022, is July 7, 2022. Under Ala. R. Crim. P. 32.2(c)(2), an Alabama Rule 32 petition must be filed within one year after the time for filing an appeal lapses. Therefore, it appears that Tarrance has until July 7, 2023, to file an Alabama Rule 32 petition presenting his claims of ineffective assistance of counsel.

Where a petitioner presents unexhausted claims in a federal habeas petition, but it appears that the claims are still capable of exhaustion in state court, it is generally appropriate to dismiss the habeas petition without prejudice to allow the petitioner an opportunity to do so and then potentially return to federal court thereafter. *See, e.g., Rose v. Lundy*, 455 U.S. 509, 518–19 (1982) (discussing the dismissal of petitions containing unexhausted claims); *see also Rhines v. Weber*, 544 U.S. 269, 274 (2005) (same); *Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (same). "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to

3

allow exhaustion." *Jenkins v. Bullard*, 210 F. App'x 895, 897 (11th Cir. 2006) (unpublished opinion).

This Court does not deem it appropriate to rule on Tarrance's claims without allowing him to exhaust the remedies available to him in the state courts. The Court therefore concludes that this § 2254 petition should be dismissed without prejudice so Tarrance may exhaust the available state court remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to allow Tarrance to exhaust his available state court remedies.

It is further ORDERED that the parties shall file any objections to this Recommendation by November 30, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 16th day of November, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE